1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
                               AT TACOMA
8

WILLIAM WOMACK,
9
                              Plaintiff,              CASE NO. 3:15-CV-05249-RBL-DWC
10
            v.                                        ORDER TO SHOW CAUSE OR
11                                                    AMEND

12    L ADAMS, KEVIN BOVENKAMP, B
      BRAID, CHRIS BOWMAN, STEPHEN
13    FLEENOR, JOHN/JANE DOES, ROY
      GONZALEZ, LIZA ROHRER,
14    STEVEN SINCLAIR, SUNDBERG,
      THURSTON COUNTY, THOMAS
15    VICARI, WASHINGTON
      DEPARTMENT OF CORRECTIONS,

16                            Defendants.

17

18          Plaintiff William Womack, proceeding *pro se* and *in forma pauperis*, filed this civil

19    rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint

20    under 28 U.S.C. § 1915A, the Court declines to serve Plaintiff's Complaint but provides Plaintiff

21    leave to file an amended pleading by July 11, 2015, to cure the deficiencies identified herein.

22                                     **BACKGROUND**

23          Plaintiff, who is currently incarcerated at Washington State Penitentiary ("WSP"), alleges

24    he was not provided with eyeglasses at Shelton Correctional Center ("SCC") because his 20/60

1  vision was "too good." Dkt. 8, p. 6. Plaintiff states he was transferred to WSP in April of 2012.

2  Dkt. 8. He maintains Defendants Sergeant Roop and Correctional Unit Supervisor Adams failed

3  to protect Plaintiff from an inmate assault. *Id.* Plaintiff also alleges his right of access to the

4  courts was violated and he was subjected to cruel and unusual conditions of confinement. *Id.*

5  Further, Plaintiff contends Defendant Thomas Vicari retaliated against Plaintiff by conducting an

6  unwarranted search of Plaintiff's cell.

### DISCUSSION

8         Under the Prison Litigation Reform Act of 1995, the Court is required to screen

9  complaints brought by prisoners seeking relief against a governmental entity or officer or

10  employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the

11  complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to

12  state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

13  who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*,

14  152 F.3d 1193 (9th Cir. 1998).

15         In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he

16  suffered a violation of rights protected by the Constitution or created by federal statute, and (2)

17  the violation was proximately caused by a person acting under color of state law. *See Crumpton*

18  *v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to

19  identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271

20  (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually

21  named defendants caused, or personally participated in causing, the harm alleged in the

22  complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

23

24

1    Plaintiff's Complaint suffers from deficiencies requiring dismissal if not corrected in an

2  amended complaint.

3    **A.    Statute of Limitations**

4    A complaint must be timely filed. The Civil Rights Act, 42 U.S.C. § 1983, contains no

5  statute of limitations. "Thus, the federal courts [ ] apply the applicable period of limitations

6  under state law for the jurisdiction in which the claim arose." *Rose v. Rinaldi*, 654 F.2d 546, 547

7  (9th Cir. 1981). In *Rose*, the Ninth Circuit determined the three year limitations period identified

8  in Revised Code of Washington 4.16.080(2) is the applicable statute of limitations for § 1983

9  cases in Washington. 654 F.2d at 547; *see* RCW 4.16.080(2).

10    The Court also applies the forum state's law regarding equitable tolling for actions

11  arising under § 1983. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In Washington, courts

12  permit equitable tolling "when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206 (1998).

13  "The predicates for equitable tolling are bad faith, deception, or false assurances by the

14  defendant and the exercise of diligence by the plaintiff." *Id.* Courts "typically permit equitable

15  tolling to occur only sparingly, and should not extend it to a garden variety claim of excusable

16  neglect." *State v. Robinson*, 104 Wash.App. 657, 667 (2001) (internal quotations omitted).

17    Although the statute of limitations is an affirmative defense which normally may not be

18  raised by the court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma*

19  *pauperis* complaint where the defense is complete and obvious from the face of the pleadings or

20  the court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984).

21    Plaintiff alleges an unnamed individual at SCC denied him eyeglasses on January 21,

22  2012. Dkt. 8, p. 6. Thus, Plaintiff had actual notice of the facts relating to this claim on that date.

23  *See id.*; *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996) (a claim accrues when the plaintiff

24

knows or has reason to know of the injury which is the basis of the action). The time for filing the Complaint regarding this claim therefore expired on January 21, 2015. Plaintiff signed--effectively filing--this Complaint on April 15, 2015, more than two months after the statute of limitations ran. Further, Plaintiff has failed to plead facts to support equitable tolling of this claim. Plaintiff must show cause as to why this claim should not be dismissed based on the expiration of the statute of limitations.

The Court also notes Plaintiff has failed to identify who denied him eyeglasses and how he was harmed by not having eyeglasses at SCC. *See* Dkt. 8. If Plaintiff can overcome the statute of limitations, he must name specific individuals as defendants and must allege in more specific terms who harmed him and how the harm violated a specific constitutional right.

**B.     Eighth Amendment**

> *1.     Failure to Protect*

Plaintiff maintains he told Defendant Roop in February of 2013 he had concerns about his safety at WSP. Dkt. 8, p. 7. Defendant Roop planned a meeting with Defendant Adams, and during the meeting Defendant Adams offered to place Plaintiff in administrative segregation. *Id.* Plaintiff declined because he viewed administrative segregation as "punishment" and he needed to have the ability to do his legal work, which would not have been available to him in administrative segregation. *Id.* Plaintiff alleges he was assaulted by another inmate on February 22, 2013. *Id.* Plaintiff maintains unnamed Washington Department of Corrections ("DOC") employees wrote falsified reports stating Plaintiff was the aggressor. *Id.* at p. 8. After a hearing, it was determined Plaintiff was the victim, and Plaintiff was allegedly placed in administrative segregation at the request of Defendant Adams.

The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Prison officials have a duty to protect prisoners from violence suffered at the hands of other prisoners. *Id.* at 833. However, not every injury suffered by a prisoner at the hands of another is a violation of a prisoner's constitutional rights. *Id.* at 834.

In cases alleging an Eighth Amendment violation based on a failure to prevent harm, the plaintiff must first meet an objective component by showing "he is incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *see Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1242 (9th Cir. 2010). The plaintiff must also meet a subjective component by showing the prison official acted with deliberate indifference to inmate health or safety. *Farmer*, 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 33 (1993) ("[A] claim that a prisoner's confinement violate[s] the Eighth Amendment requires an inquiry into the prison officials' state of mind."). "[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 832; *see Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995). A prison "official's failure to alleviate a significant risk he should have perceived but did not," therefore, cannot "be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838.

Plaintiff alleges he told Defendants Roop and Adams he was concerned for his safety. Plaintiff states Defendant Roop informed Defendant Adams, who in turn offered to place Plaintiff in administrative segregation to protect him. Plaintiff declined. After Plaintiff was assaulted, Defendant Adams arranged for Plaintiff to be placed in administrative segregation.

1    The Complaint fails to allege facts showing Defendants Roop and Adams acted with deliberate

2    indifference to an objectively serious risk of harm faced by Plaintiff; rather, the Complaint shows

3    they offered Plaintiff protective housing and placed him in protective housing after he was

4    assaulted. To successfully state a claim, Plaintiff must allege more specific factual allegations

5    showing how Defendants Roop and Adams violated Plaintiff's Eighth Amendment rights.

6              *2.    Conditions of Confinement*

7              Plaintiff also alleges, while housed at WSP, he has been subjected to conditions of

8    confinement which violate his Eighth Amendment rights. *See* Dkt. 8, pp. 10-11. Specifically,

9    Plaintiff maintains he is forced to live in a 60 square foot cell with a toilet without a lid, is forced

10   to breathe dirt and filth, and is unable to shave properly due to inadequate mirrors and a lack of

11   glasses. *Id.*

12             The Constitution does not mandate comfortable prisons, but neither does it permit

13   inhumane prisons. *Farmer*, 511 U.S. at 832. Under the Eighth Amendment, prison officials are

14   required to provide prisoners with basic life necessities, such as food, clothing, shelter,

15   sanitation, medical care, and personal safety. *Id.* "To violate the Cruel and Unusual Punishments

16   Clause, a prison official must have a sufficiently culpable state of mind." *Id.* at 834 (internal

17   quotations omitted). "In prison-conditions cases that state of mind is one of 'deliberate

18   indifference' to inmate health or safety[.]" *Id.* (*quoting Wilson v. Seiter*, 501 U.S. 294, 302-03

19   (1991)).

20             Plaintiff has failed to allege facts showing the conditions he complains of rise to the level

21   of "inhumane." Further, Plaintiff has not identified any individuals who have acted with

22   deliberate indifference and subjected Plaintiff to conditions which rise to the level of cruel and

23   unusual punishment. Plaintiff must allege facts showing he faced inhumane conditions of

24

ORDER TO SHOW CAUSE OR AMEND - 6

confinement, and must allege in more specific terms who harmed him and how the harm violated his Eighth Amendment rights.

### C.      Access to Courts

Plaintiff alleges he was denied access to the courts when he was placed in administrative segregation after being assaulted. Dkt. 8, pp. 8-10. Plaintiff maintains he was forced to submit a hand written motion for extension of time in a case, lost time researching his criminal action, was forced to use inadequate and out-of-date legal supplies, and was unable to type his legal documents. *Id.*

Inmates have a "fundamental constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). In *Bounds,* the Supreme Court held the right of access imposes an affirmative duty on prison officials to assist inmates in preparing and filing legal papers, either by establishing an adequate law library or by providing adequate assistance from persons trained in the law. *Id.* at 828. In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court held a prisoner must show some actual injury resulting from a denial of access in order to allege a constitutional violation.  *Id*. at 349.

To establish he suffered an actual injury, Plaintiff must show "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348; *Christopher v. Harbury*, 536 U.S. 403, 415, (2002); *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011); *Phillips v. Hurst*, 588 F.3d 652, 655 (9th Cir. 2009). The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and Section 1983 cases. *See Lewis*, 518 U.S. at 353 n. 3, 354-55. "Failure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to [an

1    access to courts] claim." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n. 1 (9th Cir. 2008) (*quoting*

2    *Lewis*, 518 U.S. at 353 & n. 4).

3          Plaintiff has not alleged any actual injury in his Complaint. There are no allegations

4    Plaintiff was denied access to the courts in a non-frivolous direct criminal appeal, habeas corpus

5    proceeding, or § 1983 case, nor are there allegations showing Plaintiff had a legal claim

6    frustrated by the actions of WSP officials. *See Exmundo v. Kevorkian*, 2009 WL 3416236, *3

7    (E.D. Cal. Oct. 22, 2009) (finding the plaintiff did not state an access claim when he alleged he

8    had to secure extensions and speculated the outcome of a case may have been different had he

9    been able to litigate more effectively). Further, Plaintiff fails to identify any Defendant whom

10   allegedly violated Plaintiff's right of access to the courts. To succeed on an access to the courts

11   claim, Plaintiff must name specific individuals as defendants and must allege in more specific

12   terms who harmed him and how the harm violated his right of access to the courts.

13   **D.    Retaliation**

14         Plaintiff alleges Defendant Thomas Vicari retaliated against Plaintiff by performing an

15   unwarranted cell search. Dkt. 8, p 11. During the allegedly retaliatory search, Defendant Vicari

16   "went through [P]laintiff's legal paperwork," broke Plaintiff's light "more," and took Plaintiff's

17   typewriter correctional tape and pills. *Id.* at pp. 11-12.

18         To prove a First Amendment claim of retaliation under § 1983, Plaintiff must show: (1)

19   he was subjected to adverse action; (2) the adverse action was imposed because of certain

20   conduct; (3) the conduct giving rise to the adverse action is legally protected; (4) the adverse

21   action chilled the prisoner's speech; and (5) the adverse action did not advance a legitimate

22   penological goal. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). In addition, the

23   plaintiff must show retaliation was the substantial or motivating factor behind the conduct of the

24

prison official. *See Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 285-87 (1977); *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009).

Plaintiff has not sufficiently alleged facts supporting a claim of retaliation. For example, Plaintiff has not alleged the search was in retaliation for Plaintiff engaging in legally protected conduct or alleged the search chilled his speech. Plaintiff must provide more specific facts showing how Defendant Vicari's actions constituted retaliation and violated Plaintiff's constitutional rights.

### E.    Claim Against Thurston County

Plaintiff generally alleges Thurston County failed to train law enforcement officers and failed to adopt and implement policies for inmates. Dkt. 8, p. 13. Thurston County, a municipality, is subject to suit under § 1983. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). To set forth a claim against a municipality, a plaintiff must show the defendant's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *Id.* at 690-91. A plaintiff must show (1) deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to a plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.3d 1470, 1474 (9th Cir. 1992).

Plaintiff has not alleged facts against Thurston County showing it is liable. For example, Plaintiff does not provide the policy, custom, or pattern implemented by Thurston County which resulted in the depravation of a constitutional right. Further, it does not appear the facts giving rise to the allegations contained in the Complaint took place in Thurston County. Plaintiff must

1  allege facts sufficient to meet the required elements of a claim against a municipality and show

2  Thurston County violated his constitutional rights.

3      **F.    Supervisory Liability**

4          Plaintiff names several Defendants (Kevin Bovenkamp, B. Braid, Chris Bowman,

5  Stephen Fleenor, Roy Gonzalez, Liza Rohrer, Steven Sinclair, and C.S. Sundberg) and maintains

6  these Defendants are liable because they are in some type of supervisory position or position of

7  responsibility. *See* Dkt. 8, pp. 3-4. Section 1983 supervisory liability cannot be based on

8  *respondeat superior. See Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691

9  (1978). A § 1983 action may not be brought against a supervisor on a theory that the supervisor

10  is liable for the acts of his or her subordinates. *See Polk County v. Dodson*, 454 U.S. 312, 325

11  (1981). Further, to state a claim against any individual Defendant, Plaintiff must allege facts

12  showing the individual Defendant participated in or directed the alleged violation, or knew of the

13  violation and failed to act to prevent it. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.

14  1998), cert. denied, 525 U.S. 1154 (1999). Because vicarious liability is inapplicable to a § 1983

15  suit, Plaintiff must plead each Government-official Defendant, through the official's own

16  individual actions, has violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

17          Plaintiff has failed to allege facts showing Defendants Bovenkamp, Braid, Bowman,

18  Fleenor, Gonzalez, Rohrer, Sinclair, and Sundberg participated in or directed subordinates to

19  commit the alleged violations. Plaintiff must allege in specific terms how these eight Defendants

20  harmed him and how those harms violated a specific constitutional right.

21      **G.    Improper Defendants**

22          Plaintiff names the Washington State Department of Corrections ("DOC") as a

23   Defendant. Dkt. 8, p. 7. Section 1983 applies to the actions of "persons" acting under the color

24

1    of state law. The DOC, as an arm of the state of Washington, is not a "person" for purposes of a

2    § 1983 civil rights action. *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65, 71

3    (1989). Additionally, there is no evidence the state of Washington has waived its Eleventh

4    Amendment immunity in federal courts. Therefore, the DOC is a state agency which cannot be

5    sued under § 1983.

6          Plaintiff identifies John/Jane Doe 1-6 as Defendants in this action. The use of "John Doe"

7    to identify a defendant is not favored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

8    Although a plaintiff may be given an opportunity after filing a lawsuit to discover the identity of

9    unknown defendants through discovery, the use of Doe defendants is problematic because those

10   persons cannot be served with process until they are identified by their real names. If filing an

11   amended complaint, Plaintiff shall attempt to provide the names of Defendants identified as

12   John/Jane Doe.

13   **H.    Venue**

14         Plaintiff provides only two conclusory allegations regarding events arising in the Western

15   District of Washington (claims against Thurston County and an unnamed employee of SCC).

16   Plaintiff resides in Walla Walla, Washington at WSP, which is located in the Eastern District of

17   Washington. The majority of the events giving rise to this case occurred at WSP. If Plaintiff fails

18   to state a claim as to Defendants residing in or events occurring in the Western District of

19   Washington, the Eastern District of Washington will be the only proper venue to hear this case.

20   Plaintiff must show cause as to why his Complaint should not be dismissed without prejudice as

21   to his right to refile a complaint containing only claims arising in the Western District of

22   Washington.

23

24

1    If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an

2  amended complaint and within the amended complaint, he must write a short, plain statement

3  telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the

4  person who violated the right; (3) exactly what the individual did or failed to do; (4) how the

5  action or inaction of the individual is connected to the violation of Plaintiff's constitutional

6  rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See*

7  *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

8    Plaintiff shall present the amended complaint on the form provided by the Court. The

9  amended complaint must be legibly rewritten or retyped in its entirety, it should be an original

10 and not a copy, it should contain the same case number, and it may not incorporate any part of

11 the original complaint by reference. The amended complaint will act as a complete substitute for

12 the original Complaint, and not as a supplement. The Court will screen the amended complaint to

13 determine whether it contains factual allegations linking each defendant to the alleged violations

14 of Plaintiff's rights. The Court will not authorize service of the amended complaint on any

15 defendant who is not specifically linked to the violation of Plaintiff's rights.

16   If Plaintiff fails to file an amended complaint or fails to adequately address the issues

17 raised herein on or before July 11, 2015, the undersigned will recommend dismissal of this

18 action as frivolous pursuant to 28 U.S.C. § 1915.

19   The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983

20 civil rights complaint and for service. The Clerk is further directed to send copies of this Order

21 and Pro Se Instruction Sheet to Plaintiff.

22

23

24

1   Dated this 11th day of June, 2015.

2

3                                        David W. Christel
                                         United States Magistrate Judge
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER TO SHOW CAUSE OR AMEND - 13