FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 25, 2016

SEAN F. McAVOY, CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILLIAM WOMACK,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CUS LANDAM. ADAMS, RICHARD ZARAGUZA and JOHN or JANE DOE<br><br>　　　　　　Defendants. | NO: 4:15-cv-05095-SMJ<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING-IN-PART FIRST AMENDED COMPLAINT |

Before the Court is a Report and Recommendation to Dismiss the First Amended Complaint in part, ECF No. 29, and Plaintiff's Objections to it, ECF No. 30.

On January 28, 2016, Magistrate Judge Mary K. Dimke had recommended the termination of Stephen Fleenor, Liza Rohrer, Steven Sinclair and the Washington State Department of Corrections as Defendants to this action as they were not named in the First Amended Complaint. In addition, Magistrate Judge Dimke advised Plaintiff of the deficiencies of his First Amended Complaint and granted him leave

ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING FIRST AMENDED COMPLAINT IN PART -- 1

to amend within thirty (30) days, to present a short and plain statement of certain claims, specifically a failure to protect claim against Defendant CUS Landam Adams (claim 1), and a First Amendment claim regarding a used book mail policy (claim 5).

Magistrate Judge Dimke found that Plaintiff's allegations were insufficient to state claims upon which relief may be granted against the following Defendants: Deputy Director Scott Frakes (claim 1 - classification claim); C/O J. Strange, CUS Adams, CS Sundberg and Chris Bowman (false infraction/administrative segregation - claims 1 and 2); Counselor Buttice, C/O Dunleavy, CPM Ron Knight, and Farron (claim 3 - access to courts); T. Munns, A.S.C. Brent Caulk, Kevin Bovenkamp and B. Braid (claim 4 - Eighth Amendment/medical treatment/ grievances); Associate Superintendent Carla Schettler and Roy Gonzalez (claim 5 - grievance responses to used books mail policy); Sgt Lesser, CUS R. Shumate and Superintendent Donald Holbrook (claim 6 - grievance responses to search); Vicari (claim 6 - initial allegedly retaliatory cell search on approximately February 14, 2015); Sgt. Lesser (claim 6 - signatory to allegedly false infraction) and Lee Young (claim 6 - grievance response); B. Caulk, Shari Hall, and Allan Soper (claim 7 - policy regarding access to electronic devices claim and grievance responses); Shari Hall, Donald Holbrook, Roy Gonzalez and Robert Herzog (claim 8 - grievance responses); Chris Bowman, Lee Young, Daniel Lewis and Robert Herzog (claim 9 -

PLRA initial partial filing fee/grievance responses/access to court). Furthermore, the Court found that Plaintiff's conspiracy claim was too vague and conclusory to state a viable claim for relief and that his claims of negligence were not actionable under 42 U.S.C. §1983.

In addition, Magistrate Judge Dimke found that Plaintiff had failed to exhaust his challenge to the Visual Body Cavity Search policy and its allegedly retaliatory application by Defendant Vicari on approximately May 20, 2015 (claim 6), prior to the submission of his First Amended Complaint. *See Cano v. Taylor,* 739 F.3d 1214, 1220-21 (9th Cir. 2014) (a claim may be exhausted prior to filing suit or during suit, so long as exhaustion was completed before the first time the prisoner sought to include the claim in the suit). Also, the Court found that the addition of Plaintiff's claims regarding limitations on items mailed to him, specifically, "musical curio instruments and art curios supplies," would violate Fed. R. Civ. P. 18(a) as they were brought against newly added Defendants and were unrelated to any claims raised in the initial complaint. Plaintiff was advised that, although he would not be permitted to pursue these claims in the present action, he was free to file a separate action or separate actions.

In his Objections, Mr. Womack asserts that the "commonality" which ought to allow him to join additional Defendants to this action is that Defendants "conspired" to adhere to policies and/or customs which allegedly violated his Eighth

ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING FIRST AMENDED COMPLAINT IN PART -- 3

and Fourteenth Amendment rights. Having failed to present facts in his First Amended Complaint from which an Eighth or Fourteenth Amendment violation could be inferred, the Court finds that Plaintiff's vague assertions of a conspiracy and the fact that the only link among Defendants is that "they all acted within the color of state law representing DOC and they all stood in a special relationship with Mr. Womach," is insufficient to state a viable claim under 42 U.S.C. § 1983.

In his Objections, Plaintiff also asserts a "Fourteenth Amendment due process right to be free from arbitrary and capricious governmental conduct." As stated by Magistrate Judge Dimke, Plaintiff's claims regarding his placement in administrative segregation failed to state a procedural due process claim under *Sandin v. Conner,* 515 U.S. 472, 480 (1995); *Toussaint v. McCarthy*, 801 F.2d 1080, 1091-92 (9th Cir. 1986). He also failed to show an actual injury to his access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009).

"Where a particular amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (Rehnquist, C.J., for plurality), *quoting Graham v. Connor*, 490 U.S. 386, 395 (1989). In other words, "if a constitutional claim is covered by a specific

ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING FIRST AMENDED COMPLAINT IN PART -- 4

constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *United States v. Lanier*, 520 U.S. 259, 272 n. 7, (1997). Therefore, Plaintiff's request for permission to amend to allege substantive due process claims is **DENIED**.

To the extent Plaintiff asks the Court to reconsider his motion for appointment of counsel, his request is **DENIED** for the reasons set forth by Magistrate Judge Dimke, ECF No. 28.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Report and Recommendation, ECF No. 29, is **ADOPTED in its entirety.**

2. The First Amended Complaint, ECF No. 22, is dismissed in part with prejudice and in part without prejudice to filing new and separate action(s).

3. The following Defendants shall be **TERMINATED** from this action: Stephen Fleenor, Liza Rohrer, Steven Sinclair, Washington State Department of Corrections, Scott Frakes, C/O J. Strange, CS Sundberg, Chris Bowman, Counselor Buttice, C/O Dunleavy, CPM Ron Knight, Farron 7409, T. Munns, A.S.C. Brent Caulk, Kevin Bovenkamp, B. Braid, Associate Superintendent Carla Schettler, Roy Gonzalez, Sgt. Lesser, CUS

1  Rodney Shumate, Superintendent Donald Holbrook, Thomas Vicari, Lee
2  Young, Shari Hall, Allan Soper, Robert Herzog and Daniel Lewis.
3  **4.** Plaintiff shall file a Second Amended Complaint **on or before**
4  **February 29, 2016**, or seek additional time by formal motion to do so.
5  **IT IS SO ORDRED.** The Clerk of Court shall enter this Order, forward a
6  copy to Plaintiff, and set a case management deadline appropriately.
7  **DATED** this 25th day of February 2016.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING FIRST AMENDED COMPLAINT IN PART -- 6